UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
40-46 MAIN STREET REALTY CORP., and
40-48 MAIN STREET REALTY, LLC

                              Plaintiffs,

vs.                                                             **VERIFIED COMPLAINT**
                                                                   **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and
NEW YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
MONADNOCK DEVELOPMENT LLC, and
MONADNOCK CONSTRUCTION, INC.

                              Defendants,
-------------------------------------------------------------------------x

## COMPLAINT

1. Plaintiffs 40-46 Main Street Realty Corp. and 40-48 Main Street Realty, LLC, by their attorneys, Kevin Kerveng Tung, P.C., upon information and belief, allege as follows:

## JURISDICTION AND VENUE

2. Plaintiffs' claims arise under the Fifth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of New York, and principles of common law. The jurisdiction of this Court is based upon the existence of federal law question (28 U.S.C. §1331) and supplemental jurisdiction (28 U.S.C. §1367).

3. The venue of this action is correct because the property that is the subject of this action is situated in Queens County, New York (28 U.S.C. §1391(b)(2)).

## PARTIES

4. Plaintiff 40-46 Main Street Realty Corp. is, and since 1984 has been, a domestic business corporation organized under the laws of the State of New York with its principal place of business at 40-48 Main Street, Suite 301, Flushing, New York 11354.

5. Plaintiff 40-48 Main Street Realty, LLC is, and since 2000 has been, a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 40-48 Main Street, Suite 301, Flushing, New York 11354.

6. Defendant NYC Department of Housing Preservation and Development ("HPD") is a municipal developer of affordable housing.

7. Defendant Monadnock Development LLC (the "Developer") is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 155 3rd Street, Brooklyn, New York 11231.

8. Defendant Monadnock Construction, Inc. (the "General Contractor") is a domestic business corporation organized under the laws of the State of New York with its principal place of business at 155 3rd Street, Brooklyn, New York 11231.

## BACKGROUND FACTS

9. 133-45 41st Avenue, Queens, New York, also known as Block 5037, Lots 64 and 65 on the tax map of New York (the "Project Lot"), has for years been operated as a municipal parking lot with 156 parking spaces by the New York City Department of Transportation. The City of New York has been the owner of the Project Lot since December 1968.

10. In 2015, HPD selected a development team, of which the Developer is a member, to construct on the Project Lot a 10-story building with a mix of affordable housing, commercial and community use (the "Project").

11. The Project includes 232 apartments with total space of approximately 184,000 square feet, an additional 29,000 square feet of commercial space, along with community space of 14,000 square feet.

12. The Project will be financed under Mayor Bill de Blasio's Housing New York: A Five-Borough, 10-Year Housing Plan.

13. Plaintiffs are owners of Block 5037, Lots 61 and 62 on the tax map of New York (the "Adjacent Lot"). Plaintiffs also own 3-story steel and masonry buildings (the "Adjacent Building") built on the Adjacent Lot.

14. The east wall of the Project will run along the west property line of the Adjacent Lot.

15. Upon erection of the Project, all windows of the Adjacent Building facing the Project Lot will be completely blocked by the Project, causing loss of light, air and view which has been available to Plaintiffs and their tenants in the Adjacent Building.

16. Upon erection of the Project, access to the back roof of the Adjacent Building, which is essential for Plaintiffs and their tenants to load and unload large equipment for their business, will be completely extinguished, leaving Plaintiffs and their tenants no "suitable access".

17. Despite Plaintiffs' efforts to negotiate, Defendants have persistently refused to address Plaintiffs' concerns for loss of light, air, view and access. More specifically, Defendants have insisted that they would not cause alteration of the design of the Project or even at least

leave reasonable space to create a lane between the Project and the Adjacent Building or the Adjacent Lot.

18. Defendants have plainly informed Plaintiffs that they will start construction of the Project according to the current plan by the end of 2016.

## FIRST CAUSE OF ACTION

(For Taking without Just Compensation under the United States Constitution)

19. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraph 1 through 18 hereof.

20. The law is well settled, at least in the State of New York, that an owner of land adjoining a public street possesses an easement of light, air, view and access from and over the public street in its entirety to every part of his or her land.

21. The law is also well settled in the State of New York, that a property owner in the vicinity of a public construction project, who has not been left with "suitable access", is entitled to compensation.

22. The municipal parking lot currently operated on the Project Lot, by statute, case law and policy, for practical and legal purpose falls within the definition of "highway" or "street" in the State of New York.

23. Plaintiffs, as owners of the Adjacent Lot and Adjacent Building, possess an easement of light, air, view and access from and over the municipal parking lot in its entirety to every part of the Adjacent Lot.

24. Such easements of light, air, view and access constitute private property as protected under the United States Constitution.

25. Defendants' construction of the Project on the Project Lot would interfere with Plaintiffs' easements of light, air, view and access to such a degree that Plaintiffs would be virtually deprived of these easements.

26. Consequently, Plaintiffs would be caused to sustain a significant diminution in the value of their properties, loss of rental income and other damages.

27. Defendants have expressly refused to consider reasonable and fair alternative construction plan that would substantially reduce damages to Plaintiffs. Defendants' construction of the Project, albeit in the color of promoting public interest, is at the expense of private property owners.

28. Defendants have failed or refused to provide reasonable compensation for the deprivation of the aforementioned private property.

29. The aforementioned conduct of Defendants have constituted unlawful taking of private property without just compensation under the Fifth and the Fourteen Amendments to the United States Constitution.

30. By reason of all the forgoing, Plaintiffs seek just compensation for the deprivation of the said private property in the amount to be determined at trial.

## SECOND CAUSE OF ACTION

(For Taking without Just Compensation under the New York State Constitution)

31. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraph 1 through 30 hereof.

32. Such easements of light, air, view and access constitute private property as protected under the New York State Constitution.

33. The aforementioned acts and omissions of Defendants have constituted an unlawful taking of private property without just compensation under Article 1, Section 7 of the New York State Constitution.

34. By reason of all the forgoing, Plaintiffs seek just compensation for the deprivation of the said easements in the amount to be determined at trial.

### THIRD CAUSE OF ACTION

(Injunctive Relief)

35. Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraph 1 through 34 hereof.

36. Based on the aforementioned, Plaintiffs have a likelihood of success on the merits of claims for taking without just compensation.

37. Plaintiffs do not have adequate relief at law, as it is anticipated that, *inter alia*, Plaintiffs will lose existing tenants and suffer a permanent and irreparable reduction in future lease income, as a result of construction of the Project.

38. The equities favor Plaintiffs. Plaintiffs have, in good faith, engaged in negotiation with Defendants and proposed reasonable alternatives. On the other hand, Defendants have flatly declined to accommodate Plaintiffs' constitutional rights.

39. Defendants have informed Plaintiffs that they will start the construction in the next few days, with or without consent or cooperation by Plaintiffs. The injury is imminent.

40. Based on the foregoing, Plaintiffs are entitled to a judgment and order permanently enjoining and restraining Defendants from constructing the Project in such manner as to deprive Plaintiffs and their tenants' enjoyment of easements of light, air and view, as well as suitable access to the Adjacent Building or the Adjacent Lot.

Dated: Queens, New York
       December 12, 2016

                                           KEVIN KERVENG TUNG, P.C.
                                           Attorneys for Plaintiffs

                                           _____
                                           By: Kevin K. Tung, Esq. (KT-1478)
                                           136-20 38th Avenue, Suite 3D
                                           Flushing, NY 11354
                                           (718) 939-4633

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF QUEENS )

Sam C. Yuan, being duly sworn, deposes and says:

I am the managing member of the Plaintiff 40-46 MAIN STREET REALTY CORP. and 40-48 MAIN STREET REALTY, LLC in the above captioned action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Sam C. Yuan,
Managing Member

Sworn to before me on this
12th day of December, 2016

_____
Notary Public

TING TING XU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02XU6286038
Qualified in Queens County
My Commission Expires July 22, 2017

7